**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

JUDGE KARAS

| | | |
|---|---|---|
| NEW WORLD SOLUTIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | |
| v. | ) | |
| | ) | |
| NAMEMEDIA, INC., | ) | |
| | ) | |
| Defendant | ) | |

**NOTICE OF REMOVAL**

'11 CV 02763

1.      NameMedia, Inc. is the defendant in a civil action commenced on April 11, 2011, in the Supreme Court of the State of New York, County of Orange (Index No. 2011-003681). (See, Complaint, attached as Exhibit 1).  Pursuant to the provisions of §§1441 and 1446 of Title 28 of the United States Code, NameMedia, Inc. removes this action to the United States District Court for the Southern District of New York, which is the federal judicial district that embraces the place where the action is pending. The grounds for removal are as follows.

2.      This is a civil action that includes two causes of action over which the District Courts of the United States have been given original jurisdiction as arising under the laws of the United States within the meaning of 28 U.S.C. §1331. and also under 28 U.S.C. §1338 as an action involving federal trademark law and unfair competition.

3.      In particular, Plaintiff's "FIRST CAUSE OF ACTION – DILUTION"
claims violation of the Lanham Act, 15 U.S.C. §1125(a).  Plaintiff's "SECOND CAUSE
OF ACTION – CYBERSQUATTING" claims violation of 15 U.S.C. §1125(c), the Anti-
Cybersquatting Consumer Protection Act. Thus, the basis for these two causes of action
is in federal trademark law. Title 28 U.S.C. §1338(a) provides that "[t]he district courts
shall have original jurisdiction of any civil action arising under any Act of Congress
relating to patents, plant variety protection, copyrights and trademarks."

4.      Plaintiff's "THIRD CAUSE OF ACTION – DECEPTIVE AND FALSE
ADVERTISING" alleges that by reason of the same actions complained of in the first
two causes of action, Defendant NameMedia, Inc. has engaged in "deceptive conduct"
and "false advertising" in violation of NY GBL 349 and 350. That third claim is in the
nature of a claim for unfair competition, as to which this court has subject matter
jurisdiction under Title 28 U.S.C. §1338(c), which provides that "[t]he district courts
shall have original jurisdiction of any civil action asserting a claim of unfair competition
when joined with a substantial and related claim under the copyright, patent, plant variety
protection or trademark laws."

5.      Moreover, Plaintiff's third cause of action arises out of the same set of
facts and is so related to the first two causes of action that they form part of the same case
or controversy, providing this court with supplemental jurisdiction over the third cause of
action pursuant to 28 U.S.C. §1367(a).

6.      This Notice of Removal is timely filed under §1446(b) of Title 28 of the
United States Code because the Plaintiff's Complaint pleading was served on

775343.1

NameMedia, Inc. on April 15, 2011.  (See Summons and Receipt attached as Exhibits 2 and 3).

       7.      Pursuant to the provisions of 28 U.S.C. §1446(a), Defendant attaches to this Notice and incorporates by reference, copies of the following papers, which are all of the process, pleadings, and orders served upon him, and served by him, prior to removal of this action:

- Complaint, attached as Exhibit 1;
- Summons, attached as Exhibit 2;
- A copy of the receipt for service attached as Exhibit 3.

       8.      Because this is an action over which this court would have had original jurisdiction had it been filed initially in this court, removal is proper under the provision of 28 U.S.C. §1441.

       9.      A Notice of Filing of Notice of Removal will be filed in the Supreme Court of the State of New York, Orange County, with copies served on counsel of record, pursuant to 28 U.S.C. Sections 1446 (a) and (d).

       10.     By filing this Notice of Removal, Defendant does not waive any defense, including without limitation, lack of personal jurisdiction, improper venue or forum, all defenses specified in Fed. R. Civ. P. 12, or any other defense.

775343.1

Respectfully submitted,

Defendant, NameMedia, Inc.
By its attorneys,

Dated:  April 22, 2011

Martin B. Schwimmer
MS 7011
LEASON ELLIS
81 Main Street, Suite 503
White Plains, New York 10601
(914) 821-8011
(914) 288-0023

John L. Welch
LANDO & ANASTASI, LLP
One Main Street, 11th Floor
Cambridge, MA  02142
Tel. (617) 395-7000
Fax (617) 395-7070
Of Counsel
Awaiting pro hac vice admisssion

775343.1

<u>Certificate of Service</u>

The undersigned hereby certifies that a true copy of the Notice of Removal was

served on Plaintiffs' attorney of record by first class mail, on this 22nd day of April, 2011

to the address below:

Robert Coyne
Credit Legal Group, PLLC
411 Theodore Fremd Ave.
Suite 206 South
Rye, NY 10580

775343.1

# EXHIBIT 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE

---

NEW WORLD SOLUTIONS, INC.          }
     Plaintiff,                    }          **SUMMONS**
                                   }
VS.                                }          ORIGINAL FILED ON
                                   }          __ / APR 11 2011
NAMEMEDIA, INC.                    }
                                   }          **2011  003681**
                                   }          INDEX NO ____
     Defendant.                    }

---

TO THE ABOVE NAMED DEFENDANT:

YOU ARE HEREBY SUMMONED to answer the Complaint in the above
entitled action and to serve a copy of your Answer on the
Plaintiff within 20 days after service of this Summons,
exclusive of the day of service, or within 30 days after the
completion of service where service is made in any other manner
than by personal delivery within the State.  In the case of your
failure to appear and answer, judgment will be taken against you
by default for the relief demanded in the Complaint.


ORANGE County is designated as the place of trial.  The basis of
venue is the location of the underlying alleged offense and the
headquarters location of the Plaintiff.


DATED: April 4, 2011

# EXHIBIT 2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE

---

NEW WORLD SOLUTIONS, INC.                }
     Plaintiff,                           }          **COMPLAINT**
                                }
VS.                                                       }
                                }
NAMEMEDIA, INC.                                 }          2011  003681
                                }
                                }          INDEX NO _____
     Defendant.                          }
                                }

---

PLAINTIFF, New World Solutions, by their attorney, Credit Legal

Group, PLLC, complain of the defendants Namemedia, Inc and

allege as follows:

### PARTIES

1.  Plaintiff New World Solutions is a Wyoming LLC with offices

in New York, New Jersey, California and Manila, Philippines.

The primary headquarters location for New World Solutions is 18

Susan Ct, Tuxedo, NY  10987.  Plaintiff brings this action

against defendant Namemedia, Inc. for dilution, cybersquatting,

deceptive  business  acts,  false  advertising,  and  unlawful

registration and renewal of domain name.

### STATEMENT OF FACTS

2.  Plaintiff New World Solutions is a well known privately held

company.    Plaintiff provides business services to large, multinational corporations worldwide and has done so since June of 2004.

3.   Plaintiff maintains a website, regularly engages in direct mail marketing and retains a full time sales staff which regularly solicits business for clients in several US states and worldwide.

4.   Plaintiff and its wholly owned subsidiaries employ over 100 employees.

5.   Upon information and belief, Defendant is a Delaware Corporation with headquarters in Waltham, MA.

6.   Upon information and belief, Defendant is not registered to do business in the State of New York.

7.   Upon information and belief, the sole activity that Defendant engages in is the mass registration of domain names for sale to third parties.

8.   On or about March 26, 2005 Defendant registered the domain name "newworldsolutions.com".    Upon information and belief,

Defendant had no bona fide business purpose to register that name, other than the sole purpose of hoping to sell it to anther entity in the future for profit.

9.   On or about June 28, 2010 Plaintiff contacted Defendant to inform them of their infringing use of the mark.   Defendant responded that Plaintiff could purchase the mark from Defendant.

10.   The domain "newworldsolutions.com" redirects to Defendants website, which offers the domain name for sale.   The website offers no other business service nor does it purport to relate to any entity or service called New World Solutions or any variant thereof.

11.   The sole purpose of the registration of the domain name "newworldsolutions.com" is to divert traffic to the website of the Defendant.

12.   The sole purpose of the website of the Defendant is to sell domain names to their rightful mark holders.

13.   Upon information and belief, Defendant intends to deceive business and individual consumers into thinking that New World Solutions in some way endorses or supports the activities of the

Defendant.

14.    The   Defendants   website   is   available   to   business   and individual consumers in the State of New York.

15.    Upon   information   and   belief,   Defendant   intends   to   deceive business   and   individual   consumers   that   New   World   Solutions   is affiliated with the Defendant.

## FIRST CAUSE OF ACTION - DILUTION

16.    Plaintiff   repeats   and   reincorporates   paragraphs   1   through 15 above.

17.    Plaintiffs name is famous within the meaning of 15 USC 1125 (c).

18.    Upon   information   and   belief,   Defendants   registration   of   the name   occurred   after   the   name   "New   World   Solutions"   became famous,    and    is    being    used    for    a    commercial    purpose, specifically, to advertise their services to the public.

19.    The    Defendants    use    and    registration    of "newworldsolutions.com"   has   diluted   the   distinctive   quality   of

the commercially valuable mark New World Solutions.

20.  As a result, Defendant has violated 15 USC 1125 (c).

### SECOND CAUSE OF ACTION - CYBERSQUATTING

21.  Plaintiff repeats and reincorporates paragraphs 1 through 15 above.

22.  Plaintiffs mark "New World Solutions" is famous within the meaning of 15 USC 1125 (c).  Plaintiffs hold a copyright with the USPTO for the mark "NEW WORLD SOLUTIONS".

23.  Upon  information  and  belief,  Defendants  use  and registration of "newworldsolutions.com" dilutes this famous mark and is idententical thereto.

24.  Defendants registration and use of "newworldsolutions.com" was  done  without  the  permission  of  Plaintiff  for  the  sole purpose of misleading business and individual consumers and was done in bad faith.

25.  As a result, defendant has violated 15 USC 1125 (d).

**THIRD CAUSE OF ACTION - DECEPTIVE ACTS AND FALSE ADVERTISING**

26.    Plaintiff repeats and reincorporates paragraphs 1 through 15 above.


27.    Defendants conduct is misleading in a material way, the deceptive conduct is "consumer oriented" and Plaintiff has been injured by Defendants conduct.


28.    Defendant has falsely advertised their services to the public by representing that New World Solutions in some way endorses or is affiliated with the Defendant.


29.    As a result, Defendant has violated NY GBL 349 and NY GBL 350.



WHEREFORE, Plaintiff demands judgment against Defendant:


1.    **ON THE FIRST CAUSE OF ACTION,** for injunctive relief directing Defendant to transfer ownership in the domain name "newworldsolutions.com" to the Plaintiff and forever enjoining the Defendant from registering such domain name, plus civil

damages and attorney fees,

2. **ON THE SECOND CAUSE OF ACTION**, for injunctive relief directing Defendant to transfer ownership in the domain name "newworldsolutions.com" to the Plaintiff and forever enjoining the Defendant from registering such domain name, plus civil damages and attorney fees,

3. **ON THE THIRD CAUSE OF ACTION**, enjoining Defendant from advertising on "newworldsolutions.com" and for actual damages incurred in an amount to be determined at trial and costs and attorney fees.

AND such other, further, and different relief as this Court may deem just and proper.

Dated:   Rye, New York
April 4, 2011

Yours, etc.,

CREDIT LEGAL GROUP, PLLC

By: _____
        Robert Coyne
        Attorneys for Plaintiff

        411 Theodore Fremd Ave
        Suite 206 South
        Rye, NY  10580
        Telephone (212) 505-7070
        Fax (323) 395-0604

# EXHIBIT 3

FROM: Dahrlena Mitchell (617) 757-6404
Boston Fulfillment Team 1
155 Federal Street
Suite 700
Boston, MA 02110

TO: **Brian  Lucy (781) 839-2811**
**NameMedia, Inc.**
**230 Third Avenue**

**Waltham, MA 02451**
Ref: SOP/0405900/518361850/Dahrlena Mitchell


FedEx Revenue Barcode

CAD: 8279568
SHIP DATE: 15APR11
WEIGHT: 1.0 LB

DIMMED: X X

RELEASE#


DELIVERY ADDRESS (FedEx-EDR)

** 2DAY **

TRK # 7969 9507 5605        FORM
                           0201

02451   -MA-US

BOS

**TUE**
A1
Deliver by:
**19APR11**

# 01 BXCA

J-1115110225

 CT Corporation

**Service of Process Transmittal**
04/15/2011
CT Log Number 518361850

TO: Brian Lucy, Senior Vice President, Finance
NameMedia, Inc.
230 Third Avenue
Waltham, MA 02451

RE: **Process Served in Massachusetts**

FOR: NameMedia, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | New World Solutions, Inc., Pltf. vs. NameMedia, Inc., Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | Orange County, Supreme Court State of New York, NY<br>Case # 2011 003681 |
| **NATURE OF ACTION:** | Dilution, Cybersquatting |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Boston, MA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/15/2011 at 09:44 |
| **JURISDICTION SERVED :** | Massachusetts |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service, exclusive of the day of service or within 30 days after the completion of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Robert Coyne<br>411 Theodore Fremd Ave.<br>Suite 206 South<br>Rye, NY 10580<br>212-505-7070 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex 2 Day , 796995075605<br>Email Notification, Robert Zwirn rzwirn@namemedia.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:** | C T Corporation System<br>Dahrlena Mitchell<br>155 Federal Street<br>Suite 700<br>Boston, MA 02110 |
| **TELEPHONE:** | 617-757-6404 |

Page 1 of  1 / DD

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.